UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-279-CRS-RSE

STEPHEN C.                                                                                                    PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                      DEFENDANT

## MEMORANDUM OPINION & ORDER

The Commissioner of Social Security denied Stephen C.'s ("Claimant's") claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). This matter was referred to U.S. Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. In her Report, Magistrate Judge Edwards recommends the administrative law judge's ("ALJ's") decision denying benefits be affirmed. DN 15. Claimant filed timely Objections to the Report. DN 16. This matter is now before the court for consideration of Claimant's Objections.

## I. Background

After being assaulted with a metal pipe, Claimant filed his DIB and SSI applications claiming disability because of a traumatic brain injury, methicillin-resistant staphylococcus aureus infection, and hematoma. His claims were denied initially and on reconsideration. After a telephonic hearing, an ALJ issued a written decision concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council, but his request was denied. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

---

[1] Martin O'Malley became the Commisioner of the Social Security Administration on Decemder 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

## II. Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Edwards' Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the [magistrate judge's] report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. Analysis

### A. The Typographical Error

At one point, the Report indicates Claimant seeks child disability benefits rather than adult disability benefits. Report, DN 15 at PageID# at PageID# 7212. Claimant, an adult, objects to that error but notes that it is non-substantive because Magistrate Judge Edwards conducted the proper adult disability benefit analysis. Objections, DN 16 at PageID# 7227; *see* Report, DN 15 at PageID# 7213–25. The Commissioner concedes that the Report contains this error and that it

is harmless. Response, DN 17 at PageID# 7232. The court will sustain this Objection, but no substantive portion of the Report will be affected.

### B. Listing 11.02's Applicability

#### 1. Headaches.

Headache disorders are not contemplated by the Social Security Administration's list of automatically disabling impairments. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. So, after finding that Claimant suffered from a serious "post traumatic headache disorder," the ALJ considered whether SSR 19-4p applies to Claimant. ALJ Op., DN 8 at PageID# 29. That ruling permits an ALJ to "find that a primary headache disorder, alone or in combination with another impairment(s), medically equals a listing" if certain conditions are met. SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019). Also, SSR 19-4p highlights that the "most closely analogous listed impairment" is Listing 11.02, which concerns epilepsy. *Id.*; *see* Appendix 1 at § 11.02.

In the end, the ALJ determined SSR 19-4p was inapplicable to Claimant's headache disorder and so declined to specifically address Listing 11.02. ALJ Op., DN 8 at PageID# 29. Magistrate Judge Edwards recommends the court affirm because the ALJ adequately considered SSR 19-4p's applicability. Report, DN 15 at PageID# 7221–25. Claimant objects, contending that Magistrate Judge Edwards "paper[ed] over" the ALJ's failure to discuss Listing 11.02. Objections, DN 16 at PageID# 7230. Claimant's Objection is without merit because SSR 19-4p does not apply to him.

SSR 19-4p identifies two categories of headache disorders: primary and secondary. "Primary headaches occur independently and are not caused by another medical condition. Secondary headaches are symptoms of another medical condition such as fever, infection, high blood pressure, stroke, or tumors." SSR 19-4p, 2019 WL 4169635, at *3. "[O]nly a primary

headache disorder" can be automatically disabling. *Id.* at *5. Secondary headaches are never automatically disabling "because secondary headaches are symptoms of another underlying condition." *Id.* Therefore, SSR 19-4p "does not apply to . . . secondary headache disorder[s]." *Koivula v. Comm'r of Soc. Sec.*, 2024 WL 3088056, at *16 (N.D. Ohio May 30, 2024) (*report and recommendation adopted*, 2024 WL 3091127 (N.D. Ohio June 21, 2024).

The ALJ found that Claimant suffered from "post traumatic headache disorder." ALJ Op., DN 8 at PageID# 29. That is a type of secondary headache disorder: "headache[s] attributed to trauma or injury to the head or neck" are "secondary headaches" that cannot be automatically disabling. SSR 19-4p, 2019 WL 4169635, at *5. Consequently, SSR 19-4p was inapplicable to Claimant and the ALJ did not err by declining to address whether Claimant's secondary headaches were medically equivalent to Listing 11.02 pursuant to that ruling.

### 2. Epilepsy.

In passing, Claimant contends the ALJ's Listing-11.02 "omission is particularly egregious because" the ALJ found that, in addition to headaches, Claimant suffered from a "severe impairment of epilepsy." Objections, DN 16 at PageID# 7230. To the extent Claimant intends to lodge this as an Objection, it is without merit.

ALJs are not required "to address every listing or to discuss listings that the applicant clearly does not meet." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citation and internal quotation marks omitted). There is reversible error only where "the record raises 'a substantial question as to whether [the claimant] could qualify as disabled' under a listing" and the ALJ declined to address it. *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)) (modification in original). To raise a substantial question, the "claimant must point to specific evidence that demonstrates he reasonably could meet or equal every

requirement of the listing. Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id.* at 432–33 (internal citations omitted).

Simply having epilepsy is insufficient to raise a substantial question as to whether one is disabled pursuant to Listing 11.02. *See* Appendix 1 at § 11.02. However, neither Claimant's Fact & Law Summary nor his Objections engage with Listing 11.02's requirements or discuss his epilepsy (aside from identifying it as an impairment). Thus, Claimant fell well short of his burden to "point to specific evidence that demonstrates he reasonably could meet or equal *every requirement of the listing*." *Smith-Johnson*, 579 F. App'x at 432 (emphasis added). What's more, "[t]here is no indication" that Claimant suffered from "seizure[s] that occur[red] with the frequency contemplated by" Listing 11.02. Report, DN 15 at PageID# 7225 (quoting ALJ Op., DN 8 at PageID# 29).

### C. Remaining Objections

Claimant also contends Magistrate Judge Edwards erred by concluding (1) that the ALJ adequately discussed Listing 12.02's applicability, Objections, DN 16 at PageID# 7228–29; and (2) that the ALJ's residual functional capacity determination need not incorporate all the limitations opined by Dr. Stephen J. Simon, *id.* at PageID# 7230–31.

While these Objections manifest disagreement with Magistrate Judge Edwards' Report, they do not specify why or how her recommendations are erroneous. Instead, these Objections advance verbatim the same arguments Claimant made in his Fact & Law Summary. *Compare id.* at 7228–31, *with* Claimant's Fact & Law Summ., DN 1 at PageID# 7193–96. Thus, Claimant has "failed to specify the findings that [he] believed were in error." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see Howard*, 932 F.2d at 509 (generalized objection amounts to no objection at all). Moreover, these Objections simply urge the court to reach a contrary conclusion based on selected record evidence. That is not enough to require remand. When substantial evidence

supports an ALJ's decision, the decision must be affirmed even if other substantial evidence would support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*); *Ulman*, 693 F.3d at 713.

## IV. Conclusion

Upon review of Magistrate Judge Edwards' Report and Claimant's Objections, the court **SUSTAINS** Claimant's non-substantive Objection, DN 16 at PageID# 7227, and **OVERRULES** Claimant's remaining Objections, *id.* at PageID# 7228–31. Accordingly, the court **ADOPTS** Magistrate Judge Edwards' well-reasoned Report, DN 15, as its opinion, except for the statement on PageID# 7212 mischaracterizing Claimant's claims as ones for "child disability benefits," and incorporates it by reference herein.

A separate judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED.**

July 29, 2024

Charles R. Simpson III, Senior Judge
United States District Court